# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Jonathan Scott, ) | Civil Action No. 1:18-cv-0047-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| County of Marion, South Carolina, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's motion for a fourth amended scheduling order (Dkt. No. 41). For the reasons set forth below, the Court grants the motion.

## I. Background

Plaintiff Jonathan Scott brought this action pursuant to 42 U.S.C. § 1983 in the Marion County Court of Common Pleas on December 6, 2017. (Dkt. No. 1-1.) The case was subsequently removed to this Court. (Dkt. No. 1.) Plaintiff alleges, generally, that he was subjected to assault and battery, negligence, and medical malpractice, giving rise to various tort and constitutional claims, while in the custody of Defendants. (*Id.*)

Pursuant to the Court's scheduling orders, Plaintiff's ID of Expert Witnesses was due by October 22, 2018. (Dkt. No. 30.) Prior to that date, on August 22, 2018, Plaintiff disclosed Dr. Essam Eskander as an expert witness, but failed to produce an expert report by October 22, 2018. (Dkt. No. 19.) The Court issued a third amended scheduling order on January 15, 2019 setting a Discovery deadline of May 20, 2019, a deadline for Motions as June 3, 2019, and a deadline for jury selection and/or trial on September 1, 2019. (Dkt. No. 38.) Prior to the close of discovery, Plaintiff made this motion, requesting a three-month extension on the Court's last scheduling order. (Dkt. No. 41.) Most notably, Plaintiff claimed he needed an extension as his expert, Dr. Eskander, had been diagnosed with Non-Hodgkin's Lymphoma and, due to his declining health,

had not been able to testify or assist Plaintiff with the case. (*Id.*) Plaintiff also stated he needed an extension to the discovery deadline as the Parties had been unable to agree on a date to depose Defendant Southern Health Partners, Inc.'s expert, Dr. Oliver Harden. (*Id.*)

Defendant Southern Health Partners, Inc. opposes the motion. (Dkt. Nos. 45, 47.) Southern Health argues that Plaintiff had been aware of Dr. Eskander's illness for months before their motion and, regardless, Plaintiff failed to produce Dr. Eskander's expert report by October 22, 2018, Plaintiff's disclosure deadline for experts. (*Id.*) Plaintiff filed a reply in support of their motion. (Dkt. No. 46.)

## II. Legal Standard

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may only be modified "for good cause and with the judge's consent." Fed.R.Civ.P 16(b). The standard "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.) (citations omitted), *aff'd sub nom. Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 129 F.3d 116 (4th Cir. 1997). The good cause standard "means that scheduling deadlines cannot be met despite a party's diligent efforts." *Id.*

## III. Discussion

Good cause clearly exists here to extend the scheduling order. As other courts have recognized, the illness of an expert is a "textbook example" of good cause under Rule 16(b). *See Acad. of Motion Picture Arts & Scis. v. Godaddy.com, Inc.*, No. CV 10-03738-AB (CWX), 2015 WL 12697750, at *3 (C.D. Cal. Apr. 10, 2015) ("Mr. Lastowka's tragic illness is a textbook example of good cause under Rule 16(b)."); *Palatkevich v. Choupak*, No. 12 CV 1681 CM MHD, 2014 WL 5463371, at *1 (S.D.N.Y. Oct. 22, 2014) ("The illness and sudden unavailability of a designated expert is certainly good cause to modify a Rule 16 scheduling order...."). *See also*

*Martinez v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2013 WL 673507, at *4 (D. Ariz. Feb. 25, 2013).

Defendant Southern Health focuses on the fact that Dr. Eskander failed to produce any expert report, arguing that, since he failed to produce a report, Plaintiff never complied with the requirements of Rule 26(a)(2)(B) for naming an expert and Dr. Eskander's later illness should not excuse this prior failure to comply with Rule 26. (Dkt. Nos. 45, 47.) However, while that would be relevant to a motion to exclude under Rules 26 and 37, Defendant's argument misses the mark: regardless of whether Dr. Eskander had provided a report by the October 22nd deadline, Plaintiff would still be unable to meet the required deadlines regarding Dr. Eskander, such as a deposition or trial testimony, given his illness. Additionally, Defendants did not address Plaintiff's argument that they required additional time to depose Defendant Southern Health's expert, Dr. Harden, but were unable to because Plaintiff had not received dates from Defendant. (Dkt. No. 41 at 1 – 2.) Defendant Southern Health now seeks to quash a recently-issued subpoena for Dr. Harden's testimony given the Parties' prior inability to schedule the deposition within the discovery deadline. (Dkt. No. 68.) The inability to schedule a deposition for Dr. Harden, which was sought prior to the close of discovery, further demonstrates good cause and necessitates an amendment to the scheduling order.

The Court will therefore issue a fourth amended scheduling order. Given the need to resolve this case expeditiously, the Court will provide an approximately six-week extension for Plaintiff to name a new expert. The expert disclosure deadline is extended solely for Plaintiff to name a new expert to replace Dr. Eskander, and Plaintiff may not name a new expert on an unrelated topic. As requested by Defendants Southern Health (Dkt. No. 45 at 4), and to cure any potential prejudice, Defendants shall have an opportunity to name a rebuttal expert to any expert

named by Plaintiff. Discovery is reopened solely in relation to Dr. Oliver Harden, any rebuttal expert identified by Defendants, and any newly-named expert by Plaintiff. While the Court is issuing an amended scheduling Order, the Court will require this Order to be strictly followed. The Court will not extend these deadlines absent extraordinary circumstances, and the Court will call this case for trial in the term identified in the scheduling Order.

Finally, as discovery is being re-opened, albeit for limited purposes, the Court will deny without prejudice all other pending motions (Dkt. Nos. 48, 49, 66, 67, 68) as they are resolved or mooted by this Order and, for dispositive motions, any newly disclosed information may affect the substance of the motions. Pursuant to the deadlines in the Fourth Amended Scheduling Order, the Parties may re-file any motions that were denied without prejudice. To the extent any alleged deficiencies or arguments remain relevant, the Parties may file the same or substantially similar motions and briefs.

## IV. Conclusion

For the foregoing reasons, The Court **GRANTS** Plaintiff's motion for a fourth amended scheduling order (Dkt. No. 41). All other pending motions (Dkt. Nos 48, 49, 66, 67, 68) are **DENIED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 6, 2019
Charleston, South Carolina