**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Johnathan Scott | ) | Civil Action No. 1:18-00047-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Southern Health Partners, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This mater comes before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge, recommending the Court remand the case to the Marion County Court of Common Pleas. (Dkt. No. 119). For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

## I. Background

On December 6, 2017, Plaintiff filed the instant action in the Marion County Court of Common Pleas against Defendants County of Marion, South Carolina; the Marion County Detention Center; the Marion County Sheriff's Office; Former Sheriff Mark W. Richardson; Frank Anthony Gibbons; and Southern Health Partners, Inc. ("Southern Health Partners"). (Dkt. No. 1-1). Plaintiff brought claims for: (1) assault and battery; (2) negligence and gross negligence; (3) negligent hiring, supervision, and training; (4) outrage; (5) Fourth Amendment Violation; (6) First Amendment Violation; (7) Fourteenth Amendment Violation; (8) Violation of 42 U.S.C. § 1983; and (9) medical malpractice asserted against Southern Health Partners.

(Dkt. No. 1-1). Plaintiff alleges Defendants utilized excessive force against him amongst other violations while he was housed at the Marion County Detention Center.[1]

On January 5, 2018, Defendants Marion County, Marion County Detention Center, Marion County Sheriff's Office, Former Sheriff Mark W. Richardson, and Frank Anthony Gibbons ("Marion County Defendants") removed the case to the District of South Carolina on the basis of federal question jurisdiction. (Dkt. No. 1 at 1-5). Southern Health did not join the removal or file a consent for removal.

On January 21, 2020, Plaintiff filed a motion to remand informing the Court that "Plaintiff has settled and resolved all claims with all Defendants, excepting Defendant Southern Health Partners, Inc. [for medical malpractice], and accordingly have resolved all federal questions and issues." (Dkt. No. 80 at 1). On February 4, 2020, Southern Health Partners filed a response in opposition to Plaintiff's motion to remand. (Dkt. No.88). On February 5, 2020, Plaintiff filed a stipulation of dismissal indicating Plaintiff reached a settlement with Marion County Defendants. (Dkt. No. 90). Southern Health Partners is the sole remaining Defendant in this case and the only remaining cause of action is Plaintiff's medical malpractice claim against

---

[1] In the Complaint, Plaintiff alleges he is a citizen and resident of Marion County, South Carolina. (Dkt. No. 1-1 ¶ 6). Plaintiff alleges County of Marion, South Carolina is a body politic and political subdivision in the State of South Carolina, located in and with principal offices in Marion County. (*Id.* ¶ 7). Plaintiff alleges Marion County Sheriff's Office is an agency or department of the County of Marion, South Carolina, and has responsibility over administering the Marion County Detention Center. (*Id.* ¶ 8). Plaintiff alleges Marion County Detention Center is a detention facility located in Marion County, South Carolina. (*Id.* ¶ 9). Plaintiff alleges Sheriff Mark W. Richardson was an elected official and held the elected office of Sheriff of Marion County, South Carolina. (*Id.* ¶ 10). Plaintiff alleges Defendant Frank Anthony Gibbons was a citizen and resident of Marion County, South Carolina. (*Id.* ¶ 11). Plaintiff alleges Southern Health is a Delaware corporation that is authorized to transact business in South Carolina and regularly transacts business in Marion County, South Carolina. (*Id.* ¶ 12).

this Defendant. (Dkt. No. 102 at 8).[2] On May 25, 2020, the Magistrate Judge issued an R & R recommending the Court remand Plaintiff's medical malpractice claim to the Marion County Court of Common Pleas. (Dkt. No. 119). Southern Heath filed objections to the R & R on June 9, 2020. (Dkt. No. 120). Plaintiff filed a response in opposition to Southern Health's objections (Dkt. No. 121) and Southern Health filed a reply. (Dkt. No.122 ). The matter is ripe for the Court's review.

## II. **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Southern Health Partners filed objections in this case, and the R & R is reviewed for *de novo*.

---

[2] Southern Health Partners has three additional pending motions that the Court will not address on the merits. On January 29, 2020, Southern Health Partners filed a motion for amend/correct answer. (Dkt. No. 86). On February 20, 2020, Southern Health Partners filed a motion to exclude and a motion for summary judgment. (Dkt. Nos. 100; 101).

### III. <u>Discussion</u>

Upon a careful review of the record, the Court finds the Magistrate Judge comprehensively addressed Plaintiff's motion for remand and ably concluded the Court should remand Plaintiff's sole remaining medical malpractice claim to state court. A defendant may remove a state court action to a federal district court if the state court action could have been filed originally in a federal district court. *See* 28 U.S.C. § 1441. Generally, a case may be filed in federal district court if there is federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332.

On January 5, 2018, the Marion County Defendants removed this case to federal court solely on the basis of federal question jurisdiction. (Dkt. No. 1 at ¶ 5). On January 21, 2020, Plaintiff filed a motion to remand indicating he settled with the Marion County Defendants and is no longer pursing any federal claims, leaving one remaining medical malpractice claim against Southern Health Partners. (Dkt. No. 80 at 1); (Dkt. No. 102 at 8). Southern Health Partners objects to the R & R on the basis that the Plaintiff's stipulation of dismissal is null and void because it is not signed by Southern Health Partners as party that appeared in the action. (*Id.*) [3]

Rule 41 of the Federal Rules of Civil Procedure provides that a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(iii). Except a provided under Rule 41(a)(1), "an action

---

[3] Southern Health Partners also objects to the R & R on the ground that the stipulation of dismissal leaves remaining federal claims against it. (Dkt. No. 120). This argument is contrary to what is contained in the pleadings. In its Answer, Southern Health Partners indicates that "Paragraphs 35-118" [of the Complaint] are related to other parties and do not assert allegations against this Defendant." (Dkt. No. 5 at ¶ 17); (Dkt. No. 1-1 at ¶¶ 35-118). Further, Plaintiff reiterates that the first eight causes of action in the Complaint are asserted against the Marion County Defendants and the ninth cause of action is asserted against Southern Health Partners. (Dkt. No. 121 at 3-4); (Dkt. No. 1-1 at ¶¶ 119-130). Thus, the stipulation of dismissal dismisses the first eight causes of action against the Marion County Defendants, leaving one remaining claim for medical malpractice against Southern Health Partners. (Dkt. No. 19).

may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Some courts have declined to give legal effect to a stipulation of dismissal that has not been signed by all parties that appeared in the action. *Alholm v. Am. S.S. Co.*, 167 F.R.D. 75, 79 (D. Minn. 1996). At the same time, case law establishes that a representation of a settlement to the district court between the plaintiff and some but not all of the co-defendants in a case and an agreement that a plaintiff will not further prosecute his or her claim against the settling co-defendants, "is tantamount to a stipulation of dismissal" under Rule 41. *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 194 (5th Cir. 1980). Once the district court enters an order that expressly or implicitly approves the stipulation to dismiss some but not all co-defendants in the case, the claims and the co-defendants to which they relate are effectively dismissed. *Duma v. Unum Provident*, 770 F. Supp. 2d 308, 312 (D.D.C. 2011); FED. R. CIV. P. 41(a)(2) (authorizing the court to enter an order dismissing all or part of an action at the Plaintiff's request). In this case, Plaintiff and Marion County Defendants entered a stipulation of dismissal that purported to dismiss Plaintiff's claims against Marion County Defendants with prejudice. (Dkt. No. 90). In their motion to remand, Plaintiff informed the Court that "Plaintiff has settled and resolved all claims with all Defendants, excepting Defendant Southern Health Partners, Inc. [for medical malpractice], and accordingly have resolved all federal questions and issues." (Dkt. No. 80 at 1). The Magistrate Judge expressly or implicitly approved of the stipulation of dismissal where Plaintiff agreed to dismiss with prejudice all claims he has or may have with the Marion County Defendants. (Dkt. No. 119 at 2-3). This Court agrees with the ruling of the Magistrate Judge and gives effect to the stipulation of dismissal. [4]

---

[4] There is an alternative independent ground for the Court to give effect to the stipulation of dismissal. In their motion for summary judgment, Southern Health Partners expressly stated: "The Marion County Defendants have reached settlement and have been dismissed from this

Pursuant to 28 U.S.C. § 1447(c), a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under Section 1446(a).  If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . ." 28 U.S.C. § 1447(c).  Yet, the United States Supreme Court explained that "federal courts have an inherent power to remand removed State claims when the federal claims drop out of the case." *Hinson v. Norwest Fin. S.C., Inc*., 239 F.3d 611, 616 (4th Cir. 2001) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 355 n.11 (1988)).  Although Plaintiff moved to remand the case more than thirty days after the filing of the notice of removal, the Court is not precluded from exercising its discretion to remand Plaintiff's remaining state-law claim to state court.

The parties debate whether diversity jurisdiction exists in this case such that the Court should deny Plaintiff's motion to remand.  Diversity jurisdiction is generally assessed at the time a case is filed.  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  Ultimately, for a claim to be removable pursuant to § 1332, diversity must exist at the time the removal petition is presented to the federal court.  *Higgins v. E.I. DuPont de Nemours & Co.,* 863 F.2d 1162, 1166 (4th Cir.1988).

Southern Health Partners objects to the R & R on the ground that Plaintiff's voluntary act of settlement with Marion County Defendants creates diversity jurisdiction.  Southern Health Partners cites case law that indicates that jurisdiction may be created after the filing of the complaint through voluntary acts of a Plaintiff.  If a Plaintiff enters into a "covenant not to execute with all remaining non-diverse parties, complete diversity can arise, and the case can

---

case." (Dkt. No. 101 at 2).  Southern Health Partners is judicially estopped from taking the opposite position now, asserting that the Marion County Defendants were not dismissed from the action.  *Martineau v. Wier*, 934 F.3d 385, 393 (4th Cir. 2019) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)).

6

then be removed to federal court." *Hanahan v. John Hancock Life Ins. Co. (USA)*, 518 F. Supp. 2d 780, 784–85 (D.S.C. 2007) (citing *Self v. General Motors Corp.,* 588 F.2d 655 (9th Cir.1978)).  The question is "whether the settlement or dismissal was a voluntary act of the plaintiff, which 'has demonstrated the plaintiff's desire not to pursue the case against the non-diverse party.'"  *Hanahan*, 518 F. Supp. 2d at 784–85 (citing *Higgins,* 863 F.2d at1166); *Heniford v. American Motors Sales Company,* 471 F. Supp. 328, 334 (D.S.C.1979).

Yet, these cases involve cases that were removed for the first time to federal court once complete diversity existed between the remaining parties in an ongoing state action.  *Yarnevic v. Brink's, Inc*. 102 F.3d 753, 755 (4th Cir. 1996); *Higgins*, 863 F.2d at 1166; *Hanahan*, 518 F. Supp. 2d at 780; *Heinford*, 471 F. Supp. at 334.  Further, the Magistrate Judge correctly noted that Southern Health Partners "fails to cite to any authority, nor is the court aware of any, that diversity jurisdiction is created post-removal due to settlement." (Dkt. No. 119 at 7).  Instead, the Magistrate Judge cites case law that indicates post-removal settlement cannot create diversity jurisdiction that was not present at the time of removal.  *Shareholders of R.E. Heidt Const. Co. v. Price*, No. 2:10-CV-1260, 2011 WL 1841251, at **3, 6-7 (W.D. La. May 12, 2011)).  In this case, complete diversity amongst the parties did not exist at the time the action was initiated, nor at the time of removal.  Although Plaintiff settled the federal claims with the Marion County Defendants, the pleadings fail to establish that complete diversity of citizenship exists between Plaintiff and Southern Health Partners.  Plaintiff's complaint alleges that Southern Health Partners is a "Delaware corporation that is authorized to transact business in South Carolina and regularly transacts business in Marion County, South Carolina."  (Dkt. No. 1-1 ¶ ¶ 6-12).  Plaintiff's complaint does not mention an amount in controversy.

A district court may decline to exercise supplemental jurisdiction "if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Southern Health Partners argues retaining jurisdiction best serves the interests of justice and fairness because the case has been pending before this Court for over two years and the case does not present a novel issue of state law, or any other ground to justify remand. (Dkt. No. 106 at 6). Yet, the federal claims in this case were dismissed, leaving a medical malpractice claim that arises under state law.. (Dkt. No. 19); *Carnegie-Mellon University*, 484 U.S. at 355 n. 11 (explaining that federal courts have an inherent power to remand removed state claims when the federal claims drop out of the case.") The Court declines to exercise supplemental jurisdiction over the medical malpractice claim as all the federal claims have been dismissed and only one state law claim remains. (Dkt. No. 119 at 10). Thus, the remaining claim is remanded to the Marion County Court of Common Pleas, where Southern Health Partners' pending motions may be determined on the merits. (Dkt. Nos. 86; 100; 101).

### IV.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the R & R as the Order of the Court (Dkt. No. 119) to **REMAND** Plaintiff's remaining claim for medical malpractice to the Marion County Court of Common Pleas, where Southern Health Partners' motion to amend, motion to exclude, and motion for summary judgment may be determined on the merits. (Dkt. Nos. 86; 100; 101).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

8

9

July 20, 2020
Charleston, South Carolina